COOPER-SMITH, INC., Appellant, *v.* PERKINS-GOODWIN COMPANY,
Respondent.

First Department, March 2, 1928.

**Sales — warranty — action for breach — complaint alleging sale to plaintiff corporation does not show that sale was made to officer individually — complaint is sufficient.**

In an action to recover damages for breach of warranty of goods sold the complaint which alleges that the defendant sold the goods to the plaintiff in accordance with terms specified in certain memoranda is not made insufficient by the fact that one memorandum contains a notation to the effect that the goods were ordered to be billed to the president of the plaintiff corporation.

It cannot be held as a matter of law that by reason of the memorandum the sale was made to the president of the corporation individually.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of August, 1927.

*Esther Antell* of counsel [*House, Grossman & Vorhaus,* attorneys], for the appellant.

*Milton Winn* of counsel [*Leon Lauterstein* with him on the brief; *Wise & Seligsberg,* attorneys], for the respondent.

PROSKAUER, J. This action is for breach of warranty. The complaint has been dismissed on the ground that on its face it showed the goods were sold to the president of the plaintiff corporation individually and not to the corporation. It alleges that " the defendant sold to the plaintiff, 1,250 reams of paper of specified dimensions to be ' trimmed on all four sides ' in accordance with memoranda contained in letters dated May 31st, 1923, June 2nd, 1923, and June 11th, 1923, copies of which are attached hereto and made a part hereof as though fully set forth herein." One of the incorporated letters contains the following clause: " As per conversation over the telephone, it is understood that this paper is to be billed to Mr. Morris Cooper Smith." We cannot hold as a matter of law that by reason of this sentence the sale was made not to the plaintiff corporation, but to Morris Cooper Smith individually. The complaint does not declare on the letters as the contract, but specifically charges that the defendant sold and the plaintiff corporation bought the paper. The very letter relied upon is addressed to the plaintiff corporation and refers in terms to " your order." Whether the sale was made to the corporation or the individual or to both is a question of fact. The pleading sufficiently sets forth the claim that it was made to the corporation.

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.